```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
```

TAMAGNINE DOSSANTOS,
    Plaintiff,

    v.                                                               CIVIL ACTION NO.
                                                                   16-10923-MBB

BROCKTON NEIGHBORHOOD
HEALTH CENTER,
    Defendant.

**ORDER OF DISMISSAL**

**September 19, 2018**

**BOWLER, U.S.M.J.**

     Plaintiff Tamagnine DosSantos ("plaintiff") filed this pro se employment discrimination suit against his former employer, defendant Brockton Neighborhood Health Center ("BNHC"), in May 2016. In June 2017, after resolution of initial disputes regarding the sufficiency of service, this court set December 1, 2017 as the close of fact discovery. (Docket Entry # 33). Whereas plaintiff provided an initial disclosure on June 21, 2017 (Docket Entry # 35), his conduct thereafter evidences a studied disregard of court orders, including a failure to respond to two show cause orders.

<u>BACKGROUND</u>

     On July 12, 2017, BNHC served interrogatories and requests for production of documents on plaintiff by email and first class mail to his address of record. (Docket Entry # 38, ¶ 2) (Docket Entry # 38-1). After BNHC emailed plaintiff about his failure to

provide the discovery, plaintiff replied from the *same* email on August 18, 2017 that he never received the discovery. (Docket Entry # 38, ¶ 7) (Docket Entry # 38-3). Neither the mail sent to plaintiff's address of record nor the July 12, 2017 email was returned to BNHC as undelivered. (Docket Entry # 38, ¶ 7).

On August 9, 2017, BNHC noticed plaintiff's deposition for September 28, 2017. In a reply email the following day, plaintiff stated that November 30, 2017 was the only day he could appear for the deposition due to "life events and other responsibilities." (Docket Entry # 38-18). Meanwhile, on August 15, 2017, plaintiff failed to appear at a previously scheduled status conference and asserted in an email to opposing counsel shortly before the conference that he was "sick since yesterday." (Docket Entry # 38-17).

On October 2, 2017, this court conducted another status conference, ordered October 17, 2017 at 10:00 a.m. as the date and time of the deposition, and instructed plaintiff to respond to the aforementioned discovery. (Docket Entry # 39). This court also directed plaintiff to provide BNHC with his work history after the May 2012 termination, including dates, places of employment, positions, and salary. (Docket Entry # 39). On October 11, 2017, this court allowed BNHC's motion to conduct the deposition at the courthouse in light of plaintiff's stated preference for this situs. In an email dated October 12, 2017,

2

BNHC formally re-noticed the deposition for 10:00 a.m. on October 17, 2017, and provided plaintiff the precise location, namely, courtroom five at the John J. Moakley U.S. Courthouse. (Docket Entry # 44-3). By email, plaintiff confirmed his attendance in reply to an email that designated courtroom five as the location. (Docket Entry ## 44-4, 44-5). On October 17, 2017, plaintiff failed to appear at the deposition. (Docket Entry # 44, ¶ 11). Plaintiff's excuse that "no one" at the Clerk's office or at the United States Attorney's office could tell him the location (Docket Entry # 42) is not convincing. The parties eventually completed the deposition on January 18, 2018. (Docket Entry # 59).

On March 15, 2018, BNHC filed a summary judgment motion. Plaintiff did not file an opposition. On May 9, 2018, this court issued a Show Cause Order ordering plaintiff to file a response on or before June 11, 2018. (Docket Entry # 75). The Order also instructed plaintiff to file an opposition to the summary judgment motion if he wished to oppose the motion on or before June 11, 2018. Plaintiff did not file a response to the Show Cause Order or an opposition to the summary judgment motion. Rather, the Show Cause Order mailed to plaintiff's address of record returned to the court marked "as undeliverable." (Docket Entry ## 76, 77).

On June 19, 2017, this court issued a second Show Cause

Order ordering plaintiff to respond on or before July 20, 2018. (Docket Entry # 78). The Clerk mailed the Order to plaintiff's address of record by certified mail. Plaintiff again did not file a response and the Order returned to the court marked "as undeliverable." (Docket Entry ## 79, 80). Both Show Cause Orders admonished plaintiff that a failure to comply may result in a dismissal for want to prosecution. (Docket Entry ## 75, 78).

## DISCUSSION

"[T]he effective administration of justice requires that trial courts possess the capability to manage their own affairs." Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4 (1st Cir. 2002); accord Vázquez-Rijos v. Anhang, 654 F.3d 122, 127 (1st Cir. 2011) ("to operate effectively and administer justice properly, courts must have the leeway 'to establish orderly processes and manage their own affairs'"). Further, "The authority to order dismissal in appropriate cases is a necessary component of that capability." Chamorro v. Puerto Rican Cars, Inc., 304 F.3d at 4. Federal Rule of Civil Procedure 41(b) ("Rule 42(b)") reinforces and augments this "inherent power of trial courts to dismiss cases for want of prosecution or disregard of judicial orders." Id.

Dismissal is nonetheless "one of the most draconian sanctions" and ordinarily employed "'only when a plaintiff's misconduct is extreme.'" Vázquez-Rijos v. Anhang, 654 F.3d at

4

127 (quoting <u>Young v. Gordon</u>, 330 F.3d 76, 81 (1st Cir. 2003)). Customarily, it is invoked only after the court determines "'that none of the lesser sanctions available'" are appropriate. <u>Malot v. Dorado Beach Cottages Associates</u>, 478 F.3d 40, 44 (1st Cir. 2007). Factors to consider include "'the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions.'" <u>Id.</u> (quoting <u>Benitez-Garcia v. Gonzalez-Vega</u>, 468 F.3d 1, 5 (1st Cir. 2006)). It is also appropriate to consider whether the recalcitrant party received notice and an opportunity to be heard. <u>Id.</u>

Here, plaintiff disobeyed two Show Cause Orders which included warnings that a failure to file a response may result in dismissal. <u>See</u> <u>Vázquez-Rijos v. Anhang</u>, 654 F.3d at 128 ("we have upheld dismissals for 'extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, [and] contumacious conduct'"); <u>Malot v. Dorado Beach Cottages Associates</u>, 478 F.3d at 44 (noting that "disregard of court orders qualifies as extreme behavior, and we do not take such insolence lightly"). The purpose of the Show Cause Orders was to afford plaintiff notice of the possibility of a dismissal and give him an opportunity to be heard within defined time periods. <u>See</u> <u>id.</u> at 44-45. Plaintiff's failure to comply with LR. 83.5.5(h) by updating his address of record frustrated that

5

purpose.

In addition, this court ordered plaintiff's deposition to take place on October 17, 2017 at 10:00 a.m. (Docket Entry # 39). Plaintiff violated this Order by not appearing for the deposition. His excuse that "no one" at the Clerk's office or the United States Attorney's Office informed him about the location (Docket Entry # 42) is not convincing because he received explicit instructions on two occasions from opposing counsel designating courtroom five as the location. (Docket Entry ## 44-3, 44-4). Moreover, in a reply email, he confirmed the place of the deposition and his attendance. (Docket Entry # 44-5). As indicated above, plaintiff also violated LR. 83.5.5(h)[1] by not updating his address. See Lu v. Boulter, 2004 WL 431469 (1st Cir. March 9, 2004) (affirming lower's court's Rule 41(b) dismissal because, inter alia, "[a]ppellant refused to comply with . . . the Local Rules") (unpublished). Local Rule 1.3 warns that a failure to comply with the Local Rules of the United States District Court for the District of Massachusetts "may result in dismissal." LR. 1.3.

Although the conduct is extreme, the lesser sanction of a dismissal without prejudice of this action rather than a dismissal with prejudice is more appropriate. See Benitez-Garcia

---

[1] Local Rule 83.5.5(h) states that, "Every party appearing pro se *shall* inform the clerk and all parties in writing of any change of name, address, telephone number, or e-mail address within 14 days of the change." LR. 83.5.5(h) (emphasis added).

v. Gonzalez-Vega, 468 F.3d at 4 (dismissal with prejudice ordinarily "reserved for cases of 'extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance'"). Considering the totality of events, see Vázquez-Rijos v. Anhang, 654 F.3d at 127 ("'court 'should consider the totality of events'" when choosing a sanction), including the prejudice to BNHC, a dismissal without prejudice is warranted. Other sanctions, namely, a monetary amount or an award of attorney's fees, are ineffective because plaintiff's in forma pauperis status and financial affidavit evidence an inability to pay such sanctions. See Briscoe v. Klaus, 538 F.3d 252, 263 (3rd Cir. 2008) (where a plaintiff is pro se and "in forma pauperis, we have upheld the District Court's conclusion that no alternative sanctions existed because monetary sanctions 'would not be an effective alternative'"); Reeder v. Artus, 2013 WL 2095795, at *3 (N.D.N.Y. March 26, 2013) ("[m]onetary sanctions would be empty gestures in light of Reeder's in forma pauperis status").

## CONCLUSION

In accordance with the forgoing discussion, this action is **DISMISSED** without prejudice.

                                               /s/ Marianne B. Bowler
                                           **MARIANNE B. BOWLER**
                                           United States Magistrate Judge